U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUL - 1 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF LOUISIANA
LAFAYETTE DIVISION

Johnathan M. Cote, et al            Civil Action No. 15-01052

versus            Judge Richard T. Haik, Sr.

Suzuki Motor of America, Inc, et al            Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is an unopposed[1] motion for summary judgment filed by defendant Suzuki Motor of America, Inc. ("SMAI") [Rec. Doc. 7] seeking dismissal of plaintiffs, Johnathan Cote and Darnique Schouest's, claims against it. Plaintiff filed this action on November 20, 2014, against SMAI, Suzuki Motor Corporation, and Nisssin Kogyo Co. Ltd., alleging they were injured in a single vehicle accident while operating a 2007 Suzuki GSX-R1000 motorcycle because the motorcycle was unreasonably dangerous.[2] Plaintiffs alleged that SMAI designed, manufactured, tested, marketed, advertised, distributed, promoted, placed into the stream of commerce and sold the motorcycle and its braking system, which allegedly caused the crash when the motorcycle's braking system failed. *R. 1, ¶ 23, 39, 43, and 44.*

"A motion for summary judgment cannot be granted simply because there is no opposition, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot* 589 Fed.Appx 310, 311 (5th Cir. 2015)(citing *Hibernia Nat'l Bank v. Administracion*

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to defendant's motion was June 26, 2015. LR. 7.5.

[2] Plaintiffs have not served Suzuki Motor Corporation or Nissin Kogyo Co. Ltd.

1

*Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts, requires the Court to deem defendants' statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W.*

The undisputed facts of this matter, *R. 7-4, Uncontested Facts,* provide that on November 20, 2013 the plaintiffs, Johnathan Cote and Darnique Schouest were injured in a single vehicle accident while operating a 2007 Suzuki GSX-R1000 motorcycle. The motorcycle involved in the incident was manufactured by Suzuki Motor Corporation on January 25, 2007 and was sold by American Suzuki Motor Corporation ("ASMC") to a dealership on or about March 8, 2007. On November 5, 2012 ASMC filed for bankruptcy and entered into a liquidation plan that became effective on March 31, 2013. As a result, SMAI purchased certain assets and assumed all liability for "Warranty Claims." The Asset Purchase Agreement states that the liability arising from "Warranty Claims" excludes any personal injury claims. After the Asset Purchase Agreement was approved, SMAI started to sell and distribute vehicles on April 1, 2013.

In further support of its position, SMAI cites the Affidavit of Alexander G. Butt, senior engineer in SMAI's legal department since April 1, 2013, who previously held similar positions with ASMC. *R.7.3.* Butt confirmed the 2007 GSX-R1000 was manufactured by Suzuki Motor Corporation on January 25, 2007 and was sold by ASMC on March 8, 2007, before SMAI began operations on April 1, 2013. Butt stated that ASMC filed for bankruptcy and as a result, SMAI entered into an Asset Purchase Agreement with ASMC. Butt declared that he personally reviewed the agreement and it

stated that SMAI assumed all Product Liability in regards to "Warranty Claims," but excluded claims for personal injury. *Id.*

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56.* A genuine issue of material fact exists when a reasonable jury could not return a verdict for the non-moving party based on the evidence presented. *Royal v. CCC & R Tres Arboles, L.L.C.,* 736 F.3d 396, 400 (5th Cir.2013).

Plaintiff's complaint alleges that SMAI was the manufacturer of the motorcycle and/or its component parts that was involved in the incident. Under Louisiana Products Liability Act, manufactures are held liable for the damage caused by their products. La. Rev. Stat. Ann. §9:2800.52. A review of the uncontested material facts and the Affidavit of Alexander Butt reveals that SMAI was not the manufacture of the 2007 Suzuki GSX-R1000 motorcycle that was involved in the plaintiff's accident because they did not start selling or distributing motorcycles until April 1, 2013. The record further illustrates that even though SMAI purchased assets from ASMC they are not liable for personal injury claims that arise from alleged defects because the Asset Purchase Agreement expressly excluded personal injury claims.

Considering the record before the Court, there are no issues of material fact that SMAI had any liability related to the plaintiff's motorcycle accident because they did not manufacture, or sale the motorcycle involved in the accident and they did not assume

personal injury liability from ASMC, who sold the motorcycle, when SMAI purchased their assets.

SMAI moves the Court to sanction plaintiffs with defendant's costs related to filing this motion. After reviewing the record, the Court does not agree that such costs should be awarded. Thus, the Court will grant SMAI's motion for summary judgment against Johnathan Cote and Darnique Schouest with prejudice and will deny its motion for sanctions..

_____
U.S. District Judge Richard T. Haik, Sr.